IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-65,799-02






EX PARTE CLEVE FOSTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. C-1-007519-0839040 FROM THE


CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY





 Price, J., filed a dissenting statement in which Holcomb, J., joined.


DISSENTING STATEMENT



 In this subsequent application for a writ of habeas corpus in a capital case, the
applicant alleges that his trial counsel provided ineffective assistance of counsel in failing
to obtain the assistance of a blood spatter expert to refute a critical component of the State's
case against him. (1) Counsel representing the applicant in the current writ application (who
is different than counsel who represented the applicant in his original writ application) have
provided an affidavit from such an expert, and they argue that this affidavit constitutes newly
available evidence that permits the applicant to raise this claim for the first time in a
subsequent writ application under Article 11.071, Section 5(a)(1). (2) Alternatively, they argue
that the blood spatter expert's affidavit should satisfy Section 5(a)(2) of Article 11.071,
because no rational jury could have found the applicant guilty beyond a reasonable doubt had
trial counsel presented evidence comparable to the current expert's affidavit. (3)

 As for his claim under Section 5(a)(1), the applicant has failed to allege that his
original writ counsel exercised reasonable diligence in failing to obtain a blood spatter expert
for purposes of alleging ineffective assistance of trial counsel in the original writ application. 
With respect to his claim under Section 5(a)(2), while the applicant now alleges facts that
might well have justified a rational jury in acquitting him, those facts do not establish that
no rational jury could have convicted him. In short, he does not satisfy the statutory criteria
for a subsequent writ application--at least as those provisions are currently construed by this
Court.

 On the contingency that we should find his allegations insufficient to satisfy the
statutory criteria, the applicant also alleges that his original state habeas counsel was
ineffective in failing himself to obtain a blood spatter expert to raise and substantiate a claim
of ineffective assistance of trial counsel, just as subsequent writ counsel has now done. He
acknowledges that in order to grant him any kind of relief on that basis in a subsequent writ
application, this Court would have to overrule its prior opinion in Ex parte Graves. (4) I
dissented in Graves. (5) Since it was decided, I have generally bowed to its holding under stare
decisis. In light of the recent dismissal of all charges against--in essence, the exoneration
of--Anthony Graves, (6) however, I am no longer content to do so. It is simply intolerable to
refuse to entertain a claim from an arguably innocent applicant, raised in a subsequent writ
application, simply because he was unlucky enough to draw initial writ counsel of
questionable competence. I remain unpersuaded by the argument that to recognize
ineffectiveness of original habeas counsel would open the floodgates to an endless flow of
subsequent writ applications, since "once competent counsel is appointed to competently
investigate and present the factual and legal claims available to the applicant, no subsequent
application could or would be reviewed for ineffective assistance of habeas counsel." (7) I
would stay the applicant's execution in this cause and file and set it to examine two
questions: First, whether we should regard a colorable claim of ineffective assistance of
original habeas counsel as a newly available fact for purposes of Section 5(a)(1) and (e); (8) or,
failing that, whether we should recognize a claim of ineffective assistance of original habeas
counsel as, at least, a non-statutory gateway for raising discrete constitutional claims that
would otherwise be barred under Article 11.071, Section 5. Because the Court refuses to
entertain this option, I respectfully dissent.


Delivered: December 30, 2010

Do Not Publish

1. I am inclined to agree with the applicant, at least on the basis of his pleading, that his trial
counsel provided ineffective assistance of counsel in this regard.
2. Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).
3. Id. § 5(a)(2).
4. 70 S.W.3d 103 (Tex. Crim. App. 2002).
5. Id. at 118-25.
6. See Pamela Colloff, Free at Last, Texas Monthly November 2010 ("At the recommendation
of the Burleson County district attorney's office, state district judge Reva Towslee-Corbett signed
a motion that stated, simply, 'We have found no credible evidence which inculpates [Graves].' In
other words, all capital murder charges were dropped. * * * Burleson County district attorney Bill
Parham . . . was clear that this was not a matter of having insufficient evidence to take to trial;
charges were not dropped because too many witnesses had died over the years or because the
evidence had become degraded. 'There's not a single thing that says Anthony Graves was involved
in this case,' he said. 'There is nothing.'"); Pamela Colloff, Innocence Found, Texas Monthly
January 2011 ("Burleson County district attorney Bill Parham told reporters at a hastily organized
press conference that he was 'absolutely convinced' of Graves's innocence. * * * When [special
prosecutor Kelly] Siegler's turn came to address reporters, she placed the blame for Graves's
wrongful conviction squarely on former DA Charles Sebasta. 'It's a prosecutor's responsibility to
never fabricate evidence or manipulate witnesses or take advantage of victims,' she said. 'And
unfortunately, what happened in this case is all of those things.' Graves's trial, she said, had been
'a travesty.'").
7. Ex parte Graves, supra, at 121 (Price, J., dissenting).
8. See Id. at 121 (Price, J., dissenting) ("The majority also claims that if the legislature had
intended ineffective assistance of writ counsel to be an exception to the section five bar on
subsequent applications, it could have said so. It did. Section five includes an exception to the bar
if the factual basis of the claim was not available when the initial application was due. A factual
claim was not available if it was not ascertainable through the reasonable exercise of diligence on
or before the date the initial application was due. Article 11.071, § 5(a)(1) & (e).").